O

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### VICTORIA DIVISION

| | | |
|---|---|---|
| **JASON LAMONT HOUSTON,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CRIMINAL ACTION NO. V-02-05** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | **CIVIL ACTION NO. V-03-104** |
| | § | |
| **Respondent.** | § | |

## MEMORANDUM & OPINION

Pending before the Court are Petitioner Jason Lamont Houston's ("Houston") three Motions to Vacate Sentence Under 28 U.S.C. § 2255 (Dkt. #s 47, 49, & 54), and two motions entitled "Supplemental Motion 2255" (Dkt. #s 50 & 53).  Also pending before the Court is Respondent's Motion for Dismissal and Motion to Expand the Record (Dkt. #61).  The Court disposes of the motions as outlined below.

### Factual and Procedural History

On January 17, 2002, a federal grand jury charged Houston with two counts of knowingly and intentionally distributing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *See United States v. Jason Lamont Houston,* No. V-02-05 (July 23, 2002).  On February 21, 2002, the indictment was superseded to include a third count, which alleged another incident of cocaine base distribution.  *See id.*  On that same date, Houston was named in a one count indictment alleging that on February 7, 2002, Houston, "having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce ammunition" in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  *See United States v. Jason Lamont Houston,* No. V-02-14 (July 23, 2002).

On May 6, 2002, Houston pleaded guilty to the first count against him in Criminal Case Number V-02-05, and to the indictment in Criminal Case Number V-02-14.  As a result, the Court sentenced Houston to 63 months in prison on both counts with the sentences to run concurrently. Houston originally filed several § 2255 motions in both Criminal Case Number V-02-14, Civil Case Number V-03-115 and Criminal Case Number V-02-05, Civil Case Number V-03-104.  The Court addressed the § 2255 motions filed in Criminal Case Number V-02-14, Civil Case Number V-03-115 on December 14, 2005 and a final judgment was entered on that same date. The conviction and resulting sentence in Criminal Case Number V-02-5 are the subject of the § 2255 motions presently before the Court.

The facts leading to Houston's arrest and conviction are as follows.  On February 7, 2002 a federal warrant was executed at Houston's residence by the Capital Area Narcotics Task Force ("CANTF") in conjunction with the United States Marshal Service and state law enforcement agents.  The warrant was based on a confidential informant having made controlled buys of crack cocaine under the direction of CANTF.  The crack cocaine had been purchased from Houston on January 8, 2002, January 9, 2002, January 15, 2002, and February 6, 2002.

At Houston's residence, CANTF officers found United States currency, some of which was the money provided by CANTF to the confidential informant to use during the controlled buys. Officers also found marihuana and ammunition within the residence.  During a records check, it was discovered that Houston had a previous felony conviction in Fayette County, Texas, and was not to possess ammunition because of that conviction.

At his preliminary hearing, Houston was represented by Jason Libby and Christopher Jenkins.  Due to a change in counsel, Houston was represented by Keith S. Weiser ("Weiser") at his

rearraignment and sentencing hearing.

**Claims and Allegations**

The Court will address each of Houston's motions independently.

**1.      Houston's First § 2255 Motion (Dkt. #47)[1]**

Houston raises four grounds for relief in his first § 2255 motion (Dkt. #47).   The Court

understands the claims to consist of the following:

(1)      Whether Houston was denied a right to appeal;

(2)      Whether Houston was denied effective assistance of counsel when counsel allegedly failed to timely file a notice of appeal as requested;

(3)      Whether Houston's defense counsel rendered ineffective assistance by allegedly failing to prosecute his appeal as requested; and

(4)      Whether Houston's defense counsel rendered ineffective assistance at Houston's sentencing.

**2.      Houston's Second § 2255 Motion (Dkt. #49)[2]**

Houston's second § 2255 motion raises additional grounds for relief.   The Court understands

the claims to be as follows:

(5)      Whether Houston's trial attorneys rendered ineffective assistance;

(6)      Whether Houston's appellate counsel rendered ineffective assistance by allegedly failing to raise constitutional issues on direct appeal despite Houston's request and failing to remain in contact with Houston as to the progress of his appeal;

(7)      Whether Houston's defense counsel knew that he was allegedly mentally incompetent and did not request a psychiatric evaluation;

(8)      Whether Houston's defense counsel failed to determine if there were any mitigating

---

[1] Houston filed the exact same motion in Criminal Case Number V-02-14.

[2] Once again, Houston filed the exact same motion in Criminal Case Number V-02-14.

circumstances;

(9)     Whether the Court erred when it allegedly failed to grant Houston a downward departure for acceptance of responsibility; and

(10)    Whether the Court had subject matter jurisdiction to convict or sentence Houston under 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

**3.      Houston's Supplemental Motion 2255 (Dkt. #50)**[3]

In Houston's Supplemental Motion 2255 he raises the following ground:

(11)    Whether he is entitled to federal habeas relief pursuant to the decision in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004).

**4.      Houston's Second Supplemental Motion 2255 (Dkt. #53)**

In Houston's second Supplemental Motion 2255 he appears to raise the following grounds for relief:

(12)    Whether his defense counsel rendered ineffective assistance by allegedly failing to establish a working relationship with Houston.

(13)    Whether his defense counsel rendered ineffective assistance by allegedly failing to investigate the circumstances of his case, by abandoning the duty of loyalty owed to him by assisting the prosecutor, and by failing to develop a theory of the case as to a defense.

(14)    Whether his defense counsel rendered ineffective assistance by allegedly failing to file pre-trial motions.

---

[3] The Court will not address the claims set forth in Houston's third  Motion to Vacate Sentence Under 28 U.S.C. § 2255 (Dkt. #54) because the only grounds raised, ineffective assistance of counsel and violation of due process, are unsupported by any allegations of fact. The Court will address these allegations as to the facts alleged in his first two motions, which shall be addressed below.

(15)     Whether his defense counsel rendered ineffective assistance by allegedly failing to present to the Court proof of Houston's conduct in jail while awaiting trial.

### Standard

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

### Analysis

### I.     Respondent's Motion to Expand the Record

Respondent has also moved the Court to expand the record to include the affidavit of Weiser, who represented Houston during his rearraignment and sentencing hearings.  Weiser's affidavit details in chronological order the dates on which he conferred with Houston regarding his representation.  Pursuant to the Court's authority under Rule 7(a) and (b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the record shall be expanded to include Weiser's affidavit.  Respondent's Motion to Expand the Record is GRANTED.

### II.    Houston's First § 2255 Motion (Dkt. #47)

Many of Houston's claims are couched as ineffective assistance claims.  Such allegations presented in a § 2255 motion are properly analyzed under the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052 (1984); *United States v. Willis*, 273

F.3d 592, 598 (5th Cir. 2001).  To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial.  *Strickland*, 466 U.S. at 687.  This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence.  *United States v. Dovalina*, 262 F.3d 472, 474-75 (5th Cir. 2001).  If the movant fails to prove one prong, it is not necessary to analyze the other.  *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994), *cert. denied*, 514 U.S. 1071, 115 S. Ct. 1709 (1995) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").  The Court will address each of Houston's arguments in turn.

### A.     Grounds (1), (2), and (3)

The first three grounds that Houston claims entitle him to relief all relate to whether he was denied a right to appeal.  Due to the similarity of these claims, the Court will address them simultaneously.

The Supreme Court has stated that it is professionally unreasonable for a lawyer to disregard a defendant's specific instructions to file a notice of appeal.  *Roe v. Flores-Ortega*, 528 U.S. 470, 477, 120 S. Ct. 1029, 1035 (2000) (citing *Rodriquez v. United States*, 395 U.S. 327, 89 S. Ct. 1715, 23 (1969)).  The Supreme Court has also noted that a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following those instructions, his counsel performed deficiently.  *Id.* (citing *Jones v. Barnes*, 463 U.S. 745, 751, 103 S. Ct. 3308 (1983)).  Houston asserts that he requested his lawyers to appeal his case and that his instructions were never followed.  In his petition, Houston does not allege any facts concerning his request to appeal; when,

6

where, or how that request was made; or the identity of anyone who witnessed the request.

In contrast to Houston's assertions, Respondent offers the affidavit of Weiser. Weiser, who represented Houston at his rearraignment and his sentencing, reports that he met with Houston on July 30, 2002, and that Houston told him that "he did not want to appeal his case." Houston's statement to Weiser contradicts his assertion that he asked his lawyers to appeal his case. Finally, Houston fails to allege that any non-frivolous ground for appeal exist in his case. *See Roe*, 528 U.S. at 480, 120 S. Ct. at 1036. For these, reasons, Houston's claim that he was denied a right to appeal is without merit and he has not demonstrated deficient performance on the part of his attorneys.

### B.      Ground (4)

Houston next argues that Weiser rendered ineffective assistance at his sentencing. Houston offers no facts in support of his blanket allegation. He merely states that "[t]ranscripts will be needed to elaborate upon this issue, at that time a [sic] amended [sic] petition will be filed  if necessary to relate back to this issue." This issue is not discussed in any of Houston's subsequent motions or supplemental pleadings. Rule 6 of the Rules Governing Section 2255, while providing for discovery that a judge may authorize, does not authorize fishing expeditions. Houston's conclusory allegations are insufficiently specific to mandate discovery. Accordingly, his claim that Weiser rendered ineffective assistance of counsel at his sentencing is conclusory and without merit. Again, Houston has failed to demonstrate that Weiser's performance was deficient.

## II.    Houston's Second § 2255 Motion (Dkt. #49)

### A.      Ground (5)

Houston next alleges that his defense attorneys rendered ineffective assistance by not conferring with him as to the results of their investigation, telling him to "just plead guilty," and not asking Houston about defenses he may have had. During his rearraignment, the Court asked

Houston if he read, understood, and discussed the indictment against him with defense counsel.[4]
Houston replied in the affirmative.[5]   The Court also asked Houston if he was satisfied with the
representation he received from defense counsel and Houston again replied in the affirmative.[6]   A
defendant's statements in open court carry a strong presumption of verity.   *United States v.
Lampazione*, 251 F.3d 519, 524 (5th Cir. 2001) (citing *Blackledge v. Allison,* 431 U.S. 63, 74, 97
S. Ct. 1621, 1629 (1977)).   As stated by the Supreme Court, "subsequent presentation of conclusory
allegations unsupported by specifics is subject to summary dismissal."   *Blackledge,* 431 U.S. at 74,
97 S. Ct. at1629.   Based upon his conclusory allegations and his statements to the Court, Houston
has failed to prove that the performance of his attorneys was deficient.

### B.      Ground (6)

In the sixth ground raised by Houston, he asserts that his appellate attorney, Mark W. Racer
("Racer"), rendered ineffective assistance by allegedly failing to raise constitutional issues on direct
appeal despite Houston's request, and failed to remain in contact with Houston as to the progress
of his appeal.   The claims raised by Houston here are very similar to the claims raised in grounds
(1), (2), and (3).   The Court notes that Houston's allegations are conclusory because they are not
supported by any alleged facts.   Mere conclusory allegations are insufficient to raise a constitutional
issue in a habeas case.   *See Schlang*, 691 F.2d at 799.   Therefore, Houston's mere assertion that
Racer rendered ineffective assistance is insufficient to prove that Racer's performance was deficient.

### C.      Ground (7)

Houston asserts that defense counsel knew he was mentally incompetent and yet failed to

---

[4] *See* Criminal Case Number V-02-14, Dkt. # 44. Rearraignment Transcript ("RT"), pg. 7.

[5] *Id.*

[6] *Id.*

request an evaluation. At Houston's rearraignment, the Court asked him if he "ever had trouble with mental illness" and also if his drug addiction impaired his ability to understand his actions during the rearraignment.[7] Houston answered "No, sir" to both questions. Again, a defendant's statements in open court carry a strong presumption of verity.[8] *Lampazione*, 251 F.3d at 524(citing *Blackledge,* 431 U.S. at 74, 97 S. Ct. at 1629. Houston's allegations are once again conclusory. He fails to allege any facts describing his mental incompetency or the attorneys' knowledge thereof. Houston has not demonstrated that his lawyers' performance was deficient in failing to request a psychiatric evaluation. His claim of mental incompetence is denied.

### D.     Ground (8)

Houston next asserts that his trial attorneys failed to determine if there were any mitigating circumstances in his case. Houston seems to argue that had his trial attorneys conducted an independent background investigation, they would have discovered mitigating evidence. Houston's assertion is once again conclusory as he fails to suggest what mitigating facts defense counsel would have found or how they would have changed the outcome of his sentence. *See Schlang*, 691 F.2d at 799. Moreover, Houston's allegations are insufficient to demonstrate that he was denied effective assistance of counsel. *See Wilkerson v. Collins*, 950 F.2d 1054, 1064 (5th Cir. 1992) (holding that petitioner's mere allegation that his attorney failed to develop mitigating evidence by conducting an investigation is insufficient to prove that it would have changed the outcome of his sentence). Courts must "strongly presume that trial counsel rendered adequate assistance and that the challenged conduct was the product of reasoned trial strategy." *Strickland v. Washington*, 466 U.S.

---

[7] RT at 5, 6.

[8] *Id.*

668, 690, 104 S. Ct. 2052, 2066 (1984). "[F]ailure to present mitigating evidence 'if based on an informed and reasoned practical judgment, is well within the range of practical choices not to be second-guessed.'" *Wilkerson*, 950 F.2d at 1065 (quoting *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985)). Additionally, courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and a defendant must overcome the presumption that the "challenged action 'might be considered sound strategy.'" *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S. Ct. 158, 164 (1955)). Houston has again failed to demonstrate that his attorneys' performance was deficient.

### E.    Ground (9)

The remainder of Houston's claims do not address the performance of his attorneys. In his ninth ground for relief, Houston challenges the Court's decision not to grant him a downward departure for "acceptance of responsibility" under U.S.S.G. § 3E1.1(a). The Fifth Circuit has repeatedly held that a district court's guideline calculations are not cognizable in a proceeding under 28 U.S.C. § 2255. *See e.g., United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). *Cf. United States v. Faubion*, 19 F.3d 226, 232 (5th Cir. 1994). The Fifth Circuit has stated that such challenges are capable of being raised on direct appeal and do not implicate any constitutional issues. *Faubion*, 19 F.3d at 233. Therefore, Houston is not entitled to federal habeas relief based upon the Court's refusal to grant him a downward departure for acceptance of responsibility.

### F.    Ground (10)

 Houston's tenth ground for relief is that the Court never had subject matter jurisdiction to convict him under 18 U.S.C. §§ 922(g)(1) and 924(a)(2) because those statutes are unconstitutional as applied to the facts of his case. The Court need not address the merits of this argument, however, because the indictment which lead to the conviction and the habeas petition currently before the

Court never charged Houston with violating those statutes.  Houston was charged with violating 18 U.S.C. §§ 922(g)(1) and 924(a)(2) in Criminal Case Number V-02-14.  The Court dismissed the same arguments in Houston's § 2255 motions filed in that case because they were procedurally defaulted.  Here, Houston's arguments are not properly before the Court because he was never charged with violating those statutes in Criminal Case Number V-02-05.

### III.   Houston's Supplemental Motion 2255(Dkt. #50)

#### A.   Ground (11)

In his Supplemental Motion 2255, Houston seeks relief under *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), alleging that he was subjected to a sentence enhancement during his sentencing process which he claims is prohibited under the ruling in *Blakely*.  The holding in *Blakely* was extended to the federal sentencing guidelines in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005).  Houston's claim is more properly brought under the analysis in *Booker* and will therefore be addressed as a *Booker* claim.  *Booker* was decided on June 12, 2005.  The Fifth Circuit, however, has recently held that *Booker* does not apply retroactively on collateral review to an initial 28 U.S.C. § 2255 motion.  *United States v. Gentry*, 432 F.3d 600, 604 (5th Cir. 2005).

### IV.   Supplemental Motion 2255 (Dkt. #53)

#### A.   Grounds (12) and (13)

In his second supplemental motion Houston alleges that his defense attorneys rendered ineffective assistance by allegedly failing to establish a working relationship with him, failing to investigate the circumstances of his case, abandoning the duty of loyalty by assisting the prosecutor, and by failing to develop a theory of the case as to a defense.  Houston once again fails to allege any facts to support his allegations.  Mere conclusory allegations, such as these, are insufficient to raise a constitutional issue in a habeas case.  *See Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982).

Moreover, as alluded to earlier, Houston informed the Court that he was satisfied with the representation he received from defense counsel.[9]  A defendant's statements in open court carry a strong presumption of verity.  *United States v. Lampazione*, 251 F.3d 519, 524 (5th Cir. 2001) (citing *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629 (1977)).  The "subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal." *Blackledge*, 431 U.S. at 74, 97 S. Ct. at1629.  Based upon his conclusory allegations and his statements to the Court, Houston has again failed to prove that the performance of his attorneys was deficient.

**B.      Ground (14)**

Houston next alleges that his counsel was defective for failing to file any pre-trial motions. This claim is specious.  Weiser filed a motion for downward departure on June 20, 2002.  *See* Dkt. # 24).  Houston was later sentenced on July 15, 2002.  Houston does not allege what, if any, other motions should have been filed in his case which would have affected its outcome.  In sum, Houston has failed to demonstrate that his counsel's performance was deficient.

**C.      Ground (15)**

Finally, Houston argues that his defense counsel rendered ineffective assistance by allegedly failing to present to the Court proof of Houston's conduct in jail while awaiting trial.  This claim is also specious.  The basis of this claim is that Houston was denied a three level downward departure for acceptance of responsibility because he assaulted his cellmate in the Victoria County Jail while awaiting sentencing.  It is clear from the record that Weiser did present hypothetical evidence of self-defense, reported to the Court that Houston did not want to give an alternate version of the facts,

---

[9] *Id.*

12

and adamantly objected to the denial of the downward departure.[10]  Therefore, Houston has once again failed to demonstrate that the performance of his counsel was deficient.

### Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability" ("COA").  28 U.S.C. § 2253(c)(1)(A).  Although Houston has not yet filed a notice of appeal, the Court nonetheless addresses whether he would be entitled to a COA.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595. 1604 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002)

---

[10]  *See* Criminal Case Number V-02-14, Dkt. # 45. Sentencing Transcript, pp. 4, 5-12.

(relying upon *Slack*, 529 U.S. at 483-84, 120 S. Ct. at 1604).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604 (emphasis added).

The Court concludes that reasonable jurists could not debate the denial of Houston's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed further. *Miller-El*, 537 U.S. at 327, 123 S. Ct. at 1034 (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604).  Accordingly, Houston is not entitled to a COA as to any of his claims.

### Conclusion

For the foregoing reasons, the Court hereby DENIES Houston's Motions to Vacate Sentence Under 28 U.S.C. § 2255  (Dkt. #s 47, 49, & 54) and two motions entitled "Supplemental Motion 2255" (Dkt. #s 50 & 53).  The Court GRANTS Respondent's Motion for Dismissal and Motion to Expand the Record (Dkt. #49).  The Court also DENIES Houston a Certificate of Appealability.

It is so ORDERED.

**SIGNED** on this 1st day of August, 2006.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE